## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEROY WORRELL,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-17-0429-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>              Agency. | DATE: February 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Justin Prato, San Diego, California, for the appellant.

Lauren Leathers, Falls Church, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed by the agency as a health technician in San Diego, California. Initial Appeal File (IAF), Tab 6 at 17. On March 22, 2017, the agency proposed his removal on one charge of unacceptable conduct. IAF, Tab 6 at 31-33. The charge contained one specification, which alleged the following:

> On 11 July 2014, you were informed by [a] Personnel Security Specialist that your computer access was suspended. On 12 July 2016, you entered a closed office and, in front of two staff members, used [another staff member's] computer while she was still logged-on but in another room attending to a patient. When questioned, you recalled entering the closed office at issue but denied using a computer.

*Id*. at 31. After receiving the appellant's oral reply, the deciding official issued a final decision, removing him from Federal service. *Id*. at 19-22.

The appellant filed a timely appeal with the Board, IAF, Tab 1, and the parties submitted joint stipulations, wherein the appellant stipulated that his position required him to have access to the computer system, and that it required that he carry out duties free from constant supervision, IAF, Tab 17 at 4. He further stipulated that, on July 11, 2016, he was made aware that his computer access had been suspended. *Id*.

Following a hearing, the administrative judge issued an initial decision finding that the agency proved its charge by preponderant evidence, IAF, Tab 20, Initial Decision (ID) at 11-13, and that the appellant failed to prove his affirmative defense of harmful procedural error,[2] ID at 13-14. She also found that the agency proved that removal was a reasonable penalty and that it promoted the efficiency of the service. ID at 13-17.

The appellant has filed a petition for review, arguing that the administrative judge did not properly weigh the evidence and that the penalty of removal is not reasonable. Petition for Review (PFR) File, Tab 1 at 5-9. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Similar to a charge of conduct unbecoming a Federal employee, a charge of unacceptable conduct is a generic charge and has no specific elements of proof; the agency establishes the charge by proving that the appellant committed the acts alleged under this broad label and that the conduct was improper, unsuitable, or detracted from the appellant's character or reputation. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010); *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992). Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence.[3] 5 U.S.C. § 7701(c)(1)(B).

---

[2] The appellant claimed that the agency committed harmful error when the deciding official made a determination on an action previously taken against him for the same alleged misconduct. IAF, Tab 13 at 6. The administrative judge relied on testimony from a human resource specialist, who stated that a first notice of proposed removal was rescinded because references to certain agency policies were no longer accurate. ID at 14. The administrative judge found that the appellant failed to identify a specific agency policy or procedure that prohibits the rescission of a proposed action and a reissuance of the action at a later time based on the same issues, and that he, therefore, failed to prove that the agency committed a harmful procedural error. *Id.* The appellant has not challenged this finding on review, and we find no reason to disturb it.

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q)

<u>The administrative judge properly weighed the evidence in concluding that the agency proved the charge of unacceptable conduct.</u>

At the hearing, the two coworkers named in the proposed notice of removal both testified that an office mate was out of the room and had left her Common Access Card (CAC) in the keyboard of her computer. IAF, Tab 19, Hearing Compact Disc (HCD) (testimony of both coworkers). Both coworkers further testified that, while they were in the office, the appellant walked in, leaned over the absent office mate's computer, and put his hand on the mouse. *Id.* Both testified that they believed that he used the mouse to print a document because they both observed the print icon appear on the screen. *Id.*

The appellant also testified at the hearing, claiming that, despite previously stipulating that he was made aware on July 11, 2016, of the suspension of his computer access, he did not learn of the suspension until either July 12 or July 13, 2016. HCD (testimony of the appellant). He further testified that he entered the office to get a sticky note to write down a phone number and noticed that the absent office mate's computer screen was blank. *Id.* He testified that he did not touch the mouse or keyboard, that he left the room within 5 seconds, and that he did not print any document from the computer. *Id.* During his testimony, he admitted that the agency's computers can idle for approximately 15 to 20 minutes before they timeout. *Id.*

When, as here, there is conflicting testimony concerning the appellant's conduct, and it is impossible to believe the testimony of witnesses on opposing sides, an administrative judge must make credibility determinations to properly resolve this issue. *Vicente v. Department of the Army*, 87 M.S.P.R. 80, ¶ 7 (2000). In the initial decision, the administrative judge assessed the credibility of, among others, the two coworkers who were present in the office and the appellant, pursuant to the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 11-13. In doing so, she credited the coworkers' testimony, but did not credit the appellant's. *Id.* Based primarily on

her credibility determinations, she concluded that the agency met its burden to prove the charge by preponderant evidence. ID at 5-13.

On review, the appellant does not appear to challenge these credibility determinations, but, rather, he argues that he was entitled to a negative inference because the agency failed to produce highly probative evidence including the following: (1) evidence regarding how a computer locks out after a certain amount of time if the CAC is left in; and (2) evidence regarding what documents the appellant allegedly printed. PFR File, Tab 1 at 5-7.

Generally, the Board will not draw a negative inference from a lack of specific evidence where it would not have been superior to other evidence in the record and would have contributed only marginally to the agency's satisfaction of its burden of proof. *Shustyk v. U.S. Postal Service*, 32 M.S.P.R. 611, 614-15, *aff'd*, 831 F.2d 305 (Fed. Cir. 1987). Here, the appellant was charged with accessing a coworker's computer less than 1 day after learning that his computer access was suspended. IAF, Tab 6 at 31. We find that any evidence regarding the amount of time it takes for a computer to lock out is not superior to the testimonial evidence from the appellant's coworkers who witnessed the incident and would only contribute marginally to the agency's ability to meet its burden. Moreover, the charge and specification do not allege that the appellant printed anything at all. *Id.* Thus, not only would evidence regarding what the appellant allegedly printed not be significantly probative, but the agency would not have been required to prove that anything was printed in the first instance in order to meet its burden. As such, we find that the appellant was not entitled to a negative inference due to the agency's nonproduction of the described evidence, and, therefore, we find the administrative judge properly weighed the evidence before her.

The penalty of removal is reasonable.

The appellant challenges on review the deciding official's assessment of the penalty of removal. PFR File, Tab 1 at 7-9. When all of the agency's charges

are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010).

At the hearing, the deciding official testified that he completed a *Douglas*[4] factor checklist to decide the appropriate penalty wherein he weighed aggravating and mitigating factors. HCD (testimony of the deciding official); IAF, Tab 6 at 24-26. He testified that the appellant must be able to work alone without supervision, but that he could no longer trust him to handle sensitive information. HCD (testimony of the deciding official). He further testified that he considered other penalties, but, given the severity of the offense, the timing of the notification that the appellant's access was suspended with the timing of the misconduct, the appellant's denial of the misconduct, and his lack of remorse, he found removal to be the appropriate penalty. *Id.* In the initial decision, the administrative judge found that the deciding official properly weighed the *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 16.

On review, the appellant argues that the deciding official improperly relied on his defense of the case as an aggravating factor. PFR File, Tab 1 at 7. He asserts that the statements regarding his lack of remorse demonstrate error in the penalty analysis because it is inappropriate to consider an appellant's denial of misconduct as an aggravating factor. *Id.* (*citing Smith v. Department of the Navy*, 62 M.S.P.R. 616, 621 (1994)).

To the extent the deciding official considered the appellant's denial of his misconduct as showing a lack of remorse, we find this to be error. *Smith*, 62 M.S.P.R. at 621. Nonetheless, we find that, due to the seriousness and severity of the appellant's misconduct, the nature of the appellant's position, which is one that requires trust and the handling of sensitive information without

---

[4] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

supervision, and the fact that the appellant was on notice that his computer access was suspended, the penalty of removal is reasonable. *Martin v. Department of Transportation*, 103 M.S.P.R. 153, 157 (2006), *aff'd*, 224 Fed. App'x 974 (Fed. Cir. 2007) (stating that, in assessing whether the agency's selected penalty is within the tolerable limits of reasonableness, the most important factor is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities); *see Quillen v. Department of the Treasury*, 96 M.S.P.R. 154, ¶ 10 (2004) (reversing an administrative judge's mitigation of a removal penalty where, despite no prior discipline and several years of service with positive performance evaluations, an appellant was warned against unauthorized computer usage, yet continued to engage in such usage), *aff'd*, 134 F. App'x 449 (Fed. Cir. 2005). Accordingly, we will not disturb the agency's selected penalty of removal.

Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision.</u> If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.